```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE HARLAN,

                    Plaintiff,              6:18-CV-06883 MAT
      v.

ANDRIJ HARLAN, ET AL.,                      **DECISION
                                              and ORDER**

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff Michelle Harlan ("Plaintiff") brings this action against defendants Andrij Harlan, Terrence C. Brown-Steiner, the Law Offices of Terrence C. Brown-Steiner, the Odorisi Law Firm, Kaman, Berlove, Marafioti, Jacobstein & Goldman, LLP, William Sedor, Morgan Stanley, and the Rochester Institute of Technology (collectively, the "Defendants"), alleging several causes of action, including fraud, breach of fiduciary duty, breach of contract, breach of contractual and professional obligations, undue influence, economic duress, violation of New York's General Business Law ("NY GBL") § 349, violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), and aiding and abetting fraud. Docket No. 11 at 32-65.

Presently before the Court are motions to dismiss several of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendants Morgan Stanley, Rochester Institute of Technology (hereinafter, "RIT"), Kaman, Berlove, Marafioti, Jacobson & Goldman, LLP (hereinafter, "Kaman Berlove"), and Andrij Harlan.

Docket Nos. 14, 16, 20, 25[1]. Also pending before the Court is Plaintiff's motion to sever and remand to the Monroe County Supreme Court any and all state claims, pursuant to 28 U.S.C. § 1441(c)(2). Docket No. 26.

For the reasons set forth below, the Court grants in part defendant RIT's motion to dismiss (Docket No. 16). The Court grants that portion of RIT's motion to dismiss Plaintiff's ERISA claim, but denies as moot the portion of the motion seeking dismissal of Plaintiff's aiding and abetting fraud claim. Further, the Court grants Plaintiff's motion to sever and remand to the Monroe County Supreme Court any and all state law claims against the defendants (Docket No. 26). Accordingly, the motions to dismiss filed by defendants Morgan Stanley, Kaman Berlove, and Harlan (Docket Nos. 14, 20, 25) are denied as moot.

## BACKGROUND

The Court has summarized the allegations contained in Plaintiff's 67-page amended complaint (Docket No. 11). Plaintiff is the former wife of defendant Andrij Harlan (hereinafter, "Mr. Harlan"). *Id*. at ¶ 1. Plaintiff and Mr. Harlan were married in August 1987, and they had three children. *Id*. at ¶¶ 19, 28, 30f. Mr. Harlan was originally employed by Xerox, but left his position in 2001 for a position at RIT. *Id*. at ¶ 35. Mr. Harlan

---

[1] Defendant Harlan also filed an answer to Plaintiff's amended complaint. *See* Docket No. 24.

is currently employed by RIT, and receives various employee benefits. *Id*. at ¶ 13.

Throughout the marriage, Mr. Harlan was secretive concerning the family's finances, and moved the family's financial records to RIT. *Id*. at ¶ 37. David Isabella, who was employed by Dean Witter (now Morgan Stanley) managed the marital investments. *Id*. at ¶ 30c. In June 2013, Mr. Harlan left the marital residence and moved to an undisclosed address. *Id*. at ¶ 49a. He gave Plaintiff use of a credit card for any expenses. *Id*. at ¶ 50. In May 2015, the parties signed a Separation Agreement (hereinafter, "the Agreement"), which required Mr. Harlan, among other things, to pay $2,500 per month in maintenance to Plaintiff. *Id*. at ¶¶ 89, 92, 131, 134b. Terrence Brown-Steiner, an attorney practicing "of counsel" with the Odorisi Law Firm from 2005 until December 2015, represented Plaintiff in connection with her divorce. *Id*. at ¶¶ 6, 76. Plaintiff alleges that she signed the Agreement under duress, and later emailed the parties to the Agreement that she was rescinding her signature and requested that the divorce be placed "on hold." *Id*. at ¶¶ 131, 136, 137. During this time, Brown-Steiner instructed Plaintiff to refrain from cashing six maintenance checks provided by Mr. Harlan, since that could be construed as Plaintiff's acceptance of the Agreement. *Id*. at ¶¶ 141, 177a. Due to Brown-Steiner's failure to submit an affidavit setting forth Plaintiff's reasons for rescinding her

signature, the Judgement of Divorce was ultimately granted on September 2, 2015. *Id*. at ¶¶ 139, 140, 147, 151, 158, 167.

Plaintiff thereafter terminated Brown-Steiner, and retained two additional attorneys to represent her; Michael Paul, Esq., an attorney from the firm of Kaman Berlove, and William Sedor, Esq. *Id*. at ¶¶ 156, 157, 170.

## **PROCEDURAL HISTORY**

Plaintiff filed her complaint against the above-mentioned defendants in Monroe County Supreme Court on October 4, 2018. Docket No. 1 at ¶ 1; Docket No. 1-3. On December 6, 2018, defendant RIT, against whom Plaintiff asserted a claim for violation of ERISA, as well as a claim for aiding and abetting fraud, filed a notice of removal, seeking to remove the case to federal court. *Id*. Defendants RIT and Kaman Berlove filed motions to dismiss on December 12, 2018 (Docket No. 3) and December 13, 2018 (Docket No. 5), respectively. Plaintiff filed an amended complaint on December 28, 2019. Docket No. 11. Thereafter, defendants Morgan Stanley, RIT, Kaman Berlove, and Mr. Harlan filed motions to dismiss the amended complaint. Docket Nos. 14, 16, 20, 25. On January 29, 2019, Plaintiff filed a motion for an extension of time to file a response to the motions to dismiss, as well as to sever and remand to Monroe County Supreme Court any and all state claims. Docket No. 26. Plaintiff filed a response to the motions to dismiss on February 26, 2019 (Docket No. 32), and defendants

Kaman Berlove, Morgan Stanley, and RIT thereafter filed reply papers (Docket Nos. 33, 35, 36).

## DISCUSSION

**I.     Standard**

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679.

**II.     RIT's Motion to Dismiss**

Plaintiff alleges that the following facts are the basis of her ERISA claim against RIT. Plaintiff's ex-husband was a participant in various benefit plans through RIT, including a 403b

-5-

plan, retirement savings account, and health, life, and other insurance benefits. Docket No. 11 at ¶ 270. As the sponsor of these plans, RIT is subject to the requirements of ERISA, which is meant to protect individuals who receive benefits under employer-sponsored plans. *Id.* at ¶ 271. Plaintiff further alleges that RIT has a fiduciary duty to participants and beneficiaries under these plans, which include spouses and children. *Id.* at ¶ 272. Plaintiff alleges that RIT breached its fiduciary duties to her as a beneficiary under Mr. Harlan's plans when it: (1) downgraded the quality of the health plan during the course her divorce, in derogation of the Automatic Orders set out in New York's Domestic Relations Law section, without notifying Plaintiff or obtaining her consent; (2) cancelled a policy of life insurance that insured Plaintiff's life during the course of the divorce without notifying her or obtaining her consent, in derogation of the Automatic Orders set out in New York's Domestic Relations Law, without notifying her; and (3) failed to establish Plaintiff as primary beneficiary of Mr. Harlan's life insurance provided by RIT, to the extent of unpaid maintenance, despite at least two written notifications of Plaintiff's right to protect unpaid maintenance in a form that complied or substantially complied with requirements of a Domestic Relations Order under ERISA. *Id.* at ¶ 285. While the amended complaint contains additional information regarding RIT's alleged involvement in the above-mentioned written communications and the

Agreement's requirement that Mr. Harlan maintain life insurance for unpaid maintenance, the amended complaint does not include any additional information regarding RIT's alleged breach of fiduciary duties to Plaintiff, *i.e.*, the downgrading of her health plan or the cancelling her life insurance policy.[2]

### A. The Parties' Arguments

Defendant RIT contends that Plaintiff's ERISA claim against it must be dismissed, because the complaint fails to allege that Plaintiff is a participant, or a current beneficiary, under Mr. Harlan's plan, such that she may maintain a claim under ERISA. Docket No. 16-5 at 8-9. RIT points to allegations in the amended complaint that Plaintiff was previously removed as a beneficiary under the policy; *i.e.*, "[a]t some time between November 16, 2016 and March 27, 2018, [Plaintiff] came into possession of a letter from Prudential, addressed to [Mr. Harlan] at 7 Split Rail Run. The letter confirmed that Jere Alloco Allen, [Mr. Harlan's] girlfriend, was his sole beneficiary under the policy." Docket No. 16-5 at 8-9; *see also* Docket No. 11 at ¶ 276.

---

[2] The amended complaint, in footnotes, includes allegations that Mr. Harlan established health care insurance for his family through RIT in 2013, as well as allegations that Plaintiff was unaware that the Judgement of Divorce did not provide her with health insurance through Mr. Harlan's work-provided plan, and she learned of this information when she received a letter from RIT in 2015 informing her of her eligibility for COBRA benefits. *See* Docket No. 11 at 9 n.2., 40 at n.23. However, Plaintiff fails to articulate how this information amounts to a violation of fiduciary duties on the part of RIT.

-7-

In response, Plaintiff recounts allegations contained in the amended complaint, emphasizing the following facts:

Pursuant to Agreement, there was to be a Qualified Domestic Relations Order ("QDRO"), providing for the transfer of $100,000 from Mr. Harlan's TIAA-CREF account to her, but no such QDRO had ever been processed. Docket No. 32 at 9. When Plaintiff reached out to RIT for assistance in having the account divided, she received no response. *Id.* Plaintiff also points to Article 23 of the Agreement, which provides that, in the event of Mr. Harlan's death, he should maintain a policy of life insurance in the minimum amount of $315,000, naming her as a beneficiary, for as long as Mr. Harlan had an obligation to pay maintenance. *Id*. at 9-10. When she asked Mr. Harlan for written confirmation that he had complied with this provision of the Agreement, Plaintiff received no response. *Id*. at 10. On March 27, 2017, following her learning that Mr. Harlan had designated his girlfriend as the beneficiary of one-hundred percent of the policy, Plaintiff wrote to Prudential to inform them of her rights under the Agreement, but neither Prudential, nor RIT, responded. *Id*. Plaintiff's attorney also wrote to Prudential and RIT in spring 2018 in an effort to establish Plaintiff as a beneficiary under the policy. *Id*. at 10-11. Neither Prudential, nor RIT, responded. *Id*. at 11. Plaintiff contends that these communications with RIT required it to acknowledge their receipt, notify her of procedures she needed to

follow, and protect the benefits owed to her.  *Id.* at 13.  As such, RIT breached its fiduciary duty to Plaintiff as a beneficiary.  *Id.* at 14.  Plaintiff does not address RIT's specific argument that she was no longer a beneficiary under the policy and therefore cannot sue for relief under ERISA.

In response, RIT contends that the letters sent by Plaintiff were addressed to Prudential, rather than RIT, and it had no obligation to respond to them.  Docket No. 36 at 5-6.

**B.  Plaintiff Has Failed to Allege a Violation of ERISA**

The Court has thoroughly reviewed Plaintiff's 67-page amended complaint (Docket No. 11), and finds that she has failed to allege an ERISA violation by RIT.

First, the Court notes that the amended complaint does not contain allegations that she is a beneficiary under her ex-husband's plan.  "Pursuant to Section 502 of ERISA, a plan participant or beneficiary may bring a civil enforcement action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"  *MC1 Healthcare, Inc. v. United Health Group, Inc.*, No. 3:17-CV-01909(KAD), 2019 WL 2015949, at *3 (D. Conn. May 7, 2019) (quoting 29 U.S.C. § 1132(a)(1)(B)).  "'A beneficiary is best understood as an individual who enjoys rights equal to the participant's to receive coverage from the healthcare plan. A participant's spouse or child is the most likely candidate for this term.'"  *Id.* (quoting *Rojas v. Cigna Health and Life Ins. Co.*, 793 F.3d 253, 257 (2d Cir.

-9-

2015)); *see also* 29 U.S.C. § 1002(2)(B)(8) (a "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."). "Generally, only the parties enumerated in Section 502 may sue for relief under ERISA." *MC1 Healthcare, Inc.*, 2019 WL 2015949, at *3.

Plaintiff's amended complaint unequivocally states that Mr. Harlan named his girlfriend as "his sole beneficiary under the policy." Docket No. 11 at ¶ 276. As noted above, Plaintiff fails to respond to this aspect of RIT's argument, and it does not appear from the face of the amended complaint that Plaintiff is currently a beneficiary under Mr. Harlan's policy. *See Smith v. Stockwell Const. Co., Inc.*, No. 10-CV-608S, 2014 WL 459888, at *3-4 (W.D.N.Y. Feb. 5, 2014) (plaintiff's claim pursuant to ERISA, to collect funds from profit-sharing plan of her deceased ex-husband, failed, because she was properly removed as a beneficiary on the date that her divorce was finalized).

The Court recognizes that the amended complaint does contain allegations that Mr. Harlan violated the Agreement by failing to keep her as a beneficiary under the plan to the extent that he was obligated to pay maintenance. *See id.* at ¶ 274. However, Plaintiff fails to allege facts demonstrating that Mr. Harlan's violation of the Agreement amounts to an ERISA violation by RIT. As noted above, the amended complaint lacks specific allegations establishing a breach of fiduciary duty by RIT. Plaintiff's only arguable theory of liability as to RIT is based on two letters she

allegedly sent to RIT in March 2017 and March 2018, in which she alleges she is qualified for benefits under the Domestic Relations Orders ("DROs") within the meaning of ERISA, and informed RIT of the above-mentioned letter from Prudential. *See* Docket 32 at 10-14. The allegations in the amended complaint regarding the letters are as follows:

> On March 27, 2017, <u>Michelle wrote to Prudential</u>, providing a copy of the Agreement, identifying the Plan, the Participant as Andy, and herself as a recipient of benefits under the Plan. The letter explained that she was to be named primary beneficiary to the extent of unpaid maintenance and requested help in making the necessary changes.
>
> <u>Prudential</u> never responded.
>
> On March 8, 2018, a representative of Parker Law Office, PLLC wrote to RIT and Prudential, enclosing the relevant provisions of the Settlement Agreement and Judgement of Divorce, identifying Andy and Michelle, and requesting help in confirming Michelle as beneficiary to the extent of unpaid maintenance.
>
> Neither Parker nor Michelle received a response to these mailings.

Docket No. 11 at ¶¶ 277-80 (emphasis added).

As to the March 2017 letter, the amended complaint adequately alleges that Plaintiff informed Prudential of the Agreement and Mr. Harlan's obligation to pay maintenance - not RIT. *See id.* at ¶ 277 ("On March 27, 2017, [Plaintiff] wrote to Prudential, providing a copy of the Agreement, identifying the Plan, the Participant as [Mr. Harlan], and herself as a recipient of benefits under the Plan. The letter explained that she was to be named primary beneficiary to the extent of unpaid maintenance and requested help in making the necessary changes."). In other words,

-11-

it does not appear that Plaintiff's March 2017 letter was directed to RIT.

Plaintiff also alleges that her attorney wrote to RIT and Prudential on March 8, 2018, informing them of the Agreement and requesting assistance in confirming Plaintiff as a beneficiary to the extent of unpaid maintenance. *Id*. at ¶ 279. RIT has attached the March 2018 letter to its motion to dismiss.[3] *See* Docket No. 16-3 at 2. The letter is addressed to "Prudential Life Insurance Company, Recordkeeping Services - Group Life Policies" and requests that Prudential "[i]n the event of Mr. Harlan's death . . . not make any distribution under the policy without first contacting my client or me." *Id*. The letter also requests that Prudential "confirm that Mrs. Harlan has been noted in your records as primary beneficiary to the extent of unpaid maintenance," and "confirm that my client and I will be informed if the policy is discontinued, cancelled, or in danger of lapsing." *Id*. It appears that copies of the letter were provided to both the RIT Human Resources Office and Plaintiff. *Id*. The relevant pages of the Judgement of Divorce and Settlement Agreement are attached to the March 2018 letter. *Id*. at 3-8.

---

[3] "In considering a motion to dismiss, the Court may consider documents attached as an exhibit thereto or incorporated by reference, documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference, and matters of which judicial notice may be taken." *Xiotech Corp. v. Express Data Products Corp.*, 11 F. Supp. 3d 225, 234 (N.D.N.Y. 2014). Here, Plaintiff refers to and explains the contents of the March 2018 in her amended complaint and, according to her response papers, it is integral to her ERISA claim against RIT. Accordingly, the Court may consider the contents of the letter, of which Plaintiff had notice, on the motion to dismiss.

Although Plaintiff alleges in her amended complaint that her attorney wrote the March 2018 letter to both Prudential and RIT and requested their assistance in confirming Plaintiff as a beneficiary, a review of the actual letter reveals that this is not the case. The March 2018 letter was written to Prudential - not to RIT. RIT (and Plaintiff) were merely listed as copied-in on the letter. Nor does the letter specifically request that RIT take any action on Plaintiff's behalf.

Plaintiff ignores this discrepancy in her response papers, and continues to assert that the March 2017 and March 2018 communications to Prudential somehow created an obligation as to RIT. Plaintiff does not cite to any case law holding that her minimal allegations against RIT amount to an ERISA violation. Her reliance on *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, does not support her case. In *Kennedy*, the decedent's ex-wife, upon their divorce, waived her interest in her ex-husband's savings and investment plan. 555 U.S. 285, 289 (2009). The Supreme Court held that, because she did not attempt to direct her interest in the plan to her ex-husband's estate or another beneficiary, "her waiver did not constitute an assignment or alienation rendered void under the terms of § 1056(d)(1)." *Id*. at 297. The Court further held that plan administrators are required to abide by the terms of the plan with regard to adding or removing beneficiaries; because the ex-wife did not follow the plan instructions to disclaim her interest in the plan, the plan administrator properly paid plan benefits to her. *Id*. at 304.

To the extent Plaintiff is attempting to argue that, pursuant to the Agreement, any claim she has to maintenance paid from Mr. Harlan's plan supercedes his designation of his girlfriend as the plan beneficiary, any such argument does not substantiate her claims against RIT. While Plaintiff may have a claim against defendant Harlan for breach of the Agreement, as noted above, Plaintiff has failed to allege any violation on the part of RIT, which was not the recipient of the March 2017 and March 2018 letters. Accordingly, Plaintiff has failed to state a claim against defendant RIT for a violation of ERISA, and any such claim against RIT is hereby dismissed.

**III.     Plaintiff's Motion to Sever and Remand the Remaining State Claims**

On January 29, 2019, Plaintiff moved to sever and remand any state law claims against the remaining defendants to Monroe County Supreme Court. Docket No. 26. For the following reasons, Plaintiff's motion is granted.

**A.     Removal of the Case to Federal Court**

On December 6, 2018, defendant RIT filed a Notice of Removal of Plaintiff's complaint from the Supreme Court of Monroe County, to the United States District Court for the Western District of New York. Docket No. 1. RIT alleged that the removal was timely, as it was filed within thirty days of service of Plaintiff's complaint (*id.* at ¶ 4), and that the Court had jurisdiction over the case pursuant to 28 U.S.C. § 1331, as Plaintiff alleged a claim against RIT for breach of fiduciary duty under ERISA (*id.* at ¶ 5).

-14-

Section 1331 gives federal district courts jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Notice of Removal further states that "[t]he Complaint does not allege a claim arising under the Constitution, laws or treaties of the United States within the meaning of 28 U.S.C. § 1331 against any other named Defendant," do not fall within the supplemental jurisdiction of the Court, and "[a]s such, pursuant to 28 U.S.C. § 1441(c)(2), the other named Defendants are not required to join or consent to the removal of this action." Docket No. 1 at ¶ 7. Defendant RIT mailed copies of the Notice of Removal, Exhibits, and Civil Cover sheet via first class mail to the named parties/counsel for the named parties. *See* Docket No. 2 at ¶ 2. RIT also filed a copy of the Notice of Filing of Notice of Removal with the Monroe County Clerk. *Id*. at ¶ 4.

On December 21, 2018, defendant Morgan Stanley filed a letter, opposing the removal of Plaintiff's state law claims, and requesting that these claims be severed and remanded back to the Monroe County Supreme Court, pursuant to 28 U.S.C. § 1441(c)(2). Docket No. 7. Thereafter, on January 29, 2019, Plaintiff filed her motion requesting an extension of time to respond to the pending motions to dismiss. Docket No. 26; *see also* Docket No. 26-2 at ¶ 2. Plaintiff further requested an order severing and remanding to Monroe County Supreme Court her state law claims, pursuant to 28 U.S.C. § 1441(c)(2). Docket No. 26-2 at ¶ 3. The Court granted Plaintiff's motion for an extension of time (Docket No. 27), and set a separate scheduling order on Plaintiff's motion to

-15-

sever/remand.  Defense responses were due on February 15, 2019, and Plaintiff's reply was due by February 22, 2019.

On February 25, 2019, defendant Morgan Stanley filed a letter responding to Plaintiff's request for severance and remand of the state law claims, stating that "Morgan Stanley does not oppose remand," and only "moved to dismiss the Amended Complaint to preserve its rights and ensure that it complied with this Court's deadlines."  Docket No. 31.  The remaining defendants did not file a response to Plaintiff's request for severance and remand.[4]

**B.  The State Law Claims Should be Remanded**

Removal of civil actions to federal court is governed by 28 U.S.C. § 1441.  Subsection (c) addresses the joinder of federal and state law claims:

> (c) Joinder of Federal law claims and State law claims.--(1) If a civil action includes--
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), *the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  Only defendants against whom a claim*

---

[4] In its reply papers, RIT acknowledges that the aiding and abetting claim arises under state law, but asks the Court to exercise its supplemental jurisdiction and dismiss that claim against it.  Docket No. 36 at 7-8.

-16-

*described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)*.

28 U.S.C. § 1441(c) (emphasis added).

Here, the only cause of action asserted by Plaintiff that qualifies for removal pursuant to Section 1331 is her ERISA claim against RIT. The remaining claims (fraud, aiding and abetting fraud, breach of fiduciary duty, breach of contract, breach of professional obligations, undue influence, economic duress, and violation of NY GBL § 349), are not removable on this basis.

"If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims. . . ." *One Communications Corp. v. J.P. Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010). Having dismissed all of the federal claims, the Court hereby exercises its discretion to remand to Monroe County Supreme Court Plaintiff's state law claims, including her claims against defendants Andrij Harlan, Terrence C. Brown-Steiner, the Law Offices of Terrence C. Brown-Steiner, the Odorisi Law Firm, Kaman Berlove, William Sedor, and Morgan Stanley. The Court also declines to exercise supplemental jurisdiction over Plaintiff's aiding and abetting claim against defendant RIT, and that claim is likewise remanded to the Monroe County Supreme Court.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part defendant RIT's motion to dismiss (Docket No. 16). The Court grants the portion of RIT's motion seeking dismissal of

Plaintiff's ERISA claim against it. However, because RIT's aiding and abetting claim is remanded to state court, the Court declines to rule on that portion of RIT's motion to dismiss.

Further, Plaintiff's motion for severance and remand of her state law claims to Monroe County Supreme Court (Docket No. 26) is granted.

The Court denies as moot the motions to dismiss filed by defendants Harlan, Kaman Berlove, and Morgan Stanley (Docket Nos. 14, 20, 25) because, as explained above, Plaintiff's state law claims against these defendants are remanded to Monroe County Supreme Court.

Finally, the Court notes that motions to dismiss the initial complaint, which were filed by defendants RIT and Kaman Berlove (Docket Nos. 3 and 5), remain pending on the docket. These defendants re-filed their motions to dismiss following Plaintiff's filing of her amended complaint. Accordingly, the original motions to dismiss filed by defendants RIT and Kaman Berlove (Docket Nos. 3 and 5) are hereby denied as moot.

Because no federal claims remain pending, the Clerk of Court is directed to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   July 26, 2019
         Rochester, New York